**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| MICHAEL WOOD,<br><br>Plaintiff,<br><br>v.<br><br>TASHANNA GOLDEN, et al.,<br><br>Defendants. | CASE NO. 1:26-CV-530-HAB-ALT |

**OPINION AND ORDER**

Pro se Plaintiff Michael Wood ("Wood") filed a complaint against 50 Defendants and seeks leave to proceed in forma pauperis. (ECF 1, 2). Wood, who listed his non-existent address as being in Illinois but sent the complaint from New Jersey, alleges that "Defendant(s)' informal relationships with individuals need discipline." (ECF 1, 1-1). His complaint is devoid of fact in nearly every possible respect. It does not include which Defendants had informal relationships, the nature of those relationships, which individuals those relationships were with, or what discipline he believes is necessary. More importantly, it does not allege any legal claim, let alone how this Court would have jurisdiction over it. But the Court need not look far to identify this filing. A PACER search reveals that as of the time of writing, "Wood" has bombarded more than a dozen different federal courts across the country—including this one—with the same or a similar devoid-of-fact complaint.[1]

Under 28 U.S.C. § 1915, the court "may authorize the commencement [of this action] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to

[1] *See, e.g.*, *Wood v. Golden et al.*, Case No. 1:26-cv-14700-DJC (D. Mass. Oct. 16, 2026); *Wood v. Golden et al.*, Case No. 4:26-cv-1145-KGB (E.D. Ark. Oct. 19, 2026); *Wood v. Golden et al.*, 1:26-cv-207-JHM (W.D. Ky. Oct. 19, 2026); *Wood v. Golden et al.*, Case No. 8:26-cv-4390-DKC (D. Md. Oct. 19, 2026).

pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[2] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Wood's financial affidavit states he has $5 in his bank accounts, no income, and no expenses. (ECF 2). This would mean he financially qualifies to proceed in forma pauperis. But that is of no moment here because reviewing Wood's allegations liberally as the Court must do, his complaint must be dismissed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers . . . .").

Wood states no legal claim. (ECF 1). And even if he did, his complaint includes nothing to support a basis for the Court to exercise jurisdiction. (*Id.*). Nothing in the complaint establishes who any of the Defendants are, which one his allegation applies to, or how any of them are subject

[2] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

to personal jurisdiction in Indiana. No facts suggest that any defendant is from the state, and no events have been described that occurred in the state.[3]

Given these glaring deficiencies and Wood's track record of frivolous filings, the Court finds the complaint here meritless and frivolous. Amendment would thus be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

For these reasons, the Court:

(1) DENIES Wood's Motion to Proceed in Forma Pauperis (ECF 2); and

(2) DISMISSES this case WITH PREJUDICE.

**SO ORDERED** on October 22, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

[3] Given the type of allegation and some of the Defendants' unique names, it is quite possible that the Defendants are judges in the New York State Unified Court System or other federal district courts. If this is the case, Ramirez cannot pursue claims against any judge who presided over her court proceedings because judges are immune from liability for actions taken in their official roles. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976).